UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER HELFRICH, | Case No. 2:21-cv-02226-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| CAULDERON, *et al.*, | |
| Defendants. | |

## I. DISCUSSION

Plaintiff is a prisoner proceeding pro se. On December 20, 2021, Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis. (ECF Nos. 1, 1-1). On at least three prior occasions while incarcerated, however, Plaintiff has brought a court action or appeal that was dismissed as frivolous or malicious.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed in forma pauperis and, instead, must pay the full $402.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his Complaint, Plaintiff alleges that prison officials have (i) deprived him of a "Jewish religious diet"; (ii) denied him access to the law library, "legal supplies, legal photocopy work,"

---

[1] In Helfrich v. Cox, 2:15-cv-00384-JCM-PAL, the Ninth Circuit dismissed Plaintiff's appeal as frivolous. ECF Nos. 15, 16. In Helfrich v. Marshall, 2:15-cv-00393-KJD-GWF, the Ninth Circuit dismissed another one of Plaintiff's appeals as frivolous. ECF Nos. 59, 60. These dismissals constitute two strikes under 28 U.S.C. § 1915(g). See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Finally, in Helfrich v. State of Nevada, 2:16-cv-00574-GMN-GWF, Plaintiff received his third strike when Judge Navarro dismissed his suit as malicious. ECF Nos. 3, 5. The Court takes judicial notice of these decisions.

and "law clerks"; (iii) deprived of him "required outdoor yard time"; and (iv) interfered with his "access to the grievance process." (ECF No. 1-1 at 4-10). None of these allegations plausibly suggest that, at the time the Complaint was filed, Plaintiff faced an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that the availability of the imminent-danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"); Revis v. Moore, No. 19-cv-00034, 2021 WL 5040363, at *1 (E.D. Cal. Oct. 29, 2021) (declining to apply imminent-danger exception where plaintiff alleged only that defendants "denied him kosher meals and participation in the prison's 'religious diet program'"), adopted by 2021 WL 5529823 (E.D. Cal. Nov. 24, 2021); Asemani v. Islamic Republic of Iran, No. 18-cv-06382, 2019 WL 366482, at *3 (N.D. Cal. Jan. 30, 2019) (finding imminent-danger exception inapplicable where plaintiff failed to "describe any serious health effects from the purported lack of outdoor exercise").

Plaintiff also alleges that, for approximately ten days in August 2021, the "fish tank" in his toilet "leaked profusely," causing him to slip and fall three times. (ECF No. 1-1 at 9). He also claims that he was forced to "use a Styrofoam tray to push the water out of [his] cell." (Id.) Although Plaintiff alleges that these conditions were "unhealthy, unsanitary, and dangerous," he does not plead that they were present at the time the Complaint was filed. (Id.) Nor does he allege that the conditions are likely to recur in the future. (Id.) The imminent-danger exception cannot be triggered solely by complaints of past harm. See Cervantes, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Finally, Plaintiff alleges that he has been denied access to "Rimron," a medication prescribed for him by "Serenity Mental Health." (ECF No. 1-1 at 4). Plaintiff does not, however, describe the condition for which this medication was prescribed. Nor does he explain how the denial of "Rimron" has affected his physical or mental health. Without such allegations, the Court cannot infer that the lack of medication placed Plaintiff "under imminent danger of serious physical injury" when the Complaint was filed. 28 U.S.C. § 1915(g); see also Balzarini v. Newsom,

No. 20-cv-07833, 2021 WL 2917041, at *2 (N.D. Cal. July 12, 2021) (finding imminent-danger exception inapplicable where plaintiff failed to describe "with any specificity how th[e] lack of medication placed him under imminent danger of serious physical injury at the time of filing").

Because Plaintiff has accumulated three strikes and has failed to plausibly allege that he is under imminent danger of serious physical injury, he must prepay the $402.00 filing fee in full to proceed with this action.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $402.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court shall retain the Complaint (ECF No. 1-1) but will not file it at this time.

DATED: August 12, 2022

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE